IN RE ESTATE OF KLEIN.

(No. 249233—Decided Nov. 18, 1966.)

Probate Court of Hamilton County.

*Messrs. Frost & Jacobs,* for the exceptors.
*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for Tax Commissioner.

DAVIES, J.   This matter came before the court upon the exceptions of J. Earl Klein, Harold K. Norton, and William J. Morrissey, Jr., executors of the estate of Harry T. Klein, deceased, to an order, entered on December 20, 1965, including as assets of the estate the value of gifts valued at $435,253.51 made to certain relatives within two years prior to the death of said Harry T. Klein on January 24, 1965.  The gross value of said estate, including the value of the gifts, amounts to $3,104,555.88.

The court, therefore, has been asked to decide whether these gifts were made in contemplation of death by Harry T. Klein, under the provisions of Section 5731.02, Revised Code, which provides that "a tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in

the following cases: * * * (C) when the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property * * * (1) In contemplation of the death of the grantor, vendor, assignor, or donor; * * *." Section 5731.01(E), Revised Code, defines "contemplation of death" as follows: " 'Contemplation of death' means that expectation of death which actuates the mind of a person on the execution of his will."

The evidence discloses that Harry T. Klein was a remarkable man. When he was twenty-three years of age his father died leaving practically no estate. He assumed the responsibility of supporting out of his limited earnings from a position with an insurance company his widowed mother, his grandmother, his three sisters, Thelma, Marion, and Kathryn, and his brother, Earl. With all of this responsibility he attended law school and saw to it that his sisters and brother were educated, his sisters as secretaries and his brother as a lawyer. He never married and after the deaths of his grandmother and mother his affection and generosity were bestowed upon his sisters, brother, nieces and nephews.

Harry T. Klein practiced law in Cincinnati, served in World War I, became a Colonel, went to New York City, became general counsel for the Texaco Company, and, during a period of thirty-two years, became successively vice president, president, and chairman of the board of that company. His earnings were very substantial, amounting to as much as $300,000 per year.

His life was characterized by hard work and devotion to and help for "his family," his grandmother, mother, sisters, brother, nieces and nephews. He always maintained a home in Cincinnati to which he came from New York almost monthly to be with "his family." At other times members of "his family" visited him in New York. When on vacation in Florida he usually was accompanied by one of his sisters, particularly his widowed sister, Thelma.

Colonel Klein was a charitable man and gave large sums of money to religious and charitable organizations. As an illustration he gave over $350,000 at one time to his church and $325,000 to the Night Law School from which he graduated. Other charitable gifts totalled $380,000. From 1952 to the date of his death his charitable gifts totalled $2,343,940.08. He made regularly substantial gifts to "his family" treating each branch, i. e., his three sisters' and his brother's families, equally. The total sums of the gifts made to the four branches of his family, made within two years prior to his death, amounted to $435,253.51.

Although wealthy, Harry T. Klein was a frugal man and spent relatively little money upon himself. In New York he lived in a modest hotel room. He enjoyed unusually good health. He was a great walker and enjoyed attending baseball games. His ambition was to live as long as his grandmother who died at the age of eighty-eight. Upon his retirement in 1953 from the Texaco Company he spent most of his time in Cincinnati to be with "his family."

Although he had been in good health, Harry T. Klein died suddenly at the age of seventy-eight on January 24, 1965. Just before his death he had discussed what charitable and family gifts he intended to make in 1965.

The court, after carefully reviewing the evidence and studying the briefs presented by counsel and the law applicable to the facts in this case, finds that all of the gifts made by Harry T. Klein during his lifetime to his sisters, brother, nieces and nephews, including the gifts made within two years preceding his death, were made as acts of generosity and kindness and were not gifts made in "contemplation of death" as defined in Section 5731.01(E), Revised Code.

An entry, therefore, may be submitted sustaining the exceptions of the executors of the estate of Harry T. Klein, deceased.